**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____
:
Margarita Perez                                         :
:
     Plaintiff,                                      :
v.                                                      :
:
Xicohtencatl, LLC and Facundo Xicohtencatl,  :                    :
:
     Defendants.                                   :        August 14, 2012
_____:

## COMPLAINT

## I.  INTRODUCTION

1.      This is an action brought by the plaintiff, Margarita Perez, a restaurant worker,

against the defendants, Xicohtencatl, LLC, d/b/a La Cosinita Mexican Café, and Facundo

Xicohtencatl, arising from the defendants' failure to lawfully pay the plaintiff wages for her

work.  The plaintiff alleges violations of the overtime wage provisions of the federal Fair Labor

Standards Act, 29 U.S.C. §201, _et seq._, and the minimum wage, overtime, and wage payment

provisions of Connecticut law, Conn.Gen.Stat. §31-58 _et seq_.  The plaintiff seeks to equitably

toll her statute of limitations.  The plaintiff seeks unpaid wages for the two and a half years of

her employment by the defendants, liquidated damages pursuant to the FLSA and double

damages pursuant to Connecticut law, and her reasonable attorney's fees and costs.

## II.  JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the

state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that

the state law claims are so related to the federal claims that they form part of the same case

or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.    THE PARTIES

4.      The plaintiff is Margarita Perez, a resident of Connecticut.  At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.      At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce, and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6.      Defendant Xicohtencatl, LLC operates a restaurant called La Cosinita Mexican Cafe and has a place of business at 177 Park Street, New Haven, Connecticut.

7.      Defendant Facundo Xicohtencatl is the managing member of defendant Xicohtencatl, LLC.  Defendant Facundo Xicohtencatl resides at 378 Elm Street, West Haven, Connecticut.

8.      At all times relevant to the Complaint, defendant Facundo Xicohtencatl made all relevant decisions regarding the plaintiff's wages and working conditions.

9.      At all times relevant to the Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV.    STATEMENT OF FACTS

10.     The plaintiff was employed by the defendants as a restaurant worker from on or about October 1, 2009, until on or about January 22, 2012.

11.     The plaintiff worked as a cook throughout her employment by the defendants.

12.     During the plaintiff's employment, the defendants did not post and keep posted a notice explaining the Fair Labor Standards Act, as prescribed by the U.S. Department of Labor, Wage and Hour Division, in a conspicuous place in their establishment such as would permit the plaintiff or other employees to observe readily a copy, as required by 29 C.F.R. §516.4.

13.     During the plaintiff's employment, the defendants did not post and keep posted the minimum wage and overtime regulations issued by the Labor Commissioner of the State of Connecticut at the place of employment where it could be read easily by its employees, as required by Connecticut General Statutes §31-66.

14.     During the plaintiff's employment, the defendants did not furnish to the plaintiff in writing a record of hours worked, the gross earnings showing straight time and overtime as separate entries, itemized deductions and net earnings, as required by Connecticut General Statutes §31-13a.

15.     The plaintiff regularly worked six days per week, from 12:00pm until 11:00pm, with Wednesdays off.

16.     The plaintiff was not given a meal period of at least thirty consecutive minutes.

17.     From the plaintiff's date of hire, on or about October 1, 2009, through March 26, 2011, the defendants paid her at the rate of $400 per week.

18.     From March 27, 2011, through October 29, 2011, the defendants paid the plaintiff at the rate of $440 per week.

19.     From October 30, 2011, through January 21, 2012, the defendants paid the plaintiff at the rate of $480 per week.

20.     For the 11 hours of work the plaintiff performed on her last day of employment,

January 22, 2012, the defendants have not paid her at all.

21.     The defendants made all payments to the plaintiff in cash.

22.     The defendants did not pay the plaintiff at the rate of one and one-half times her regular hourly rate for hours worked in excess of forty hours in each one week period. The defendants did not maintain a complete and accurate record of the hours worked, wages earned, and wages paid to the plaintiff.

23.     The plaintiff does not speak or read English.

24.     In March 2012, the plaintiff learned of the existence of the Workers' Rights Clinic operated by the New Haven Legal Assistance Association at 426 State Street, New Haven, Connecticut.

25.     At the Workers' Rights Clinic, the plaintiff learned for the first time that the defendants were not properly compensating her for her work.

26.     After consulting a volunteer attorney at the Workers' Rights Clinic, the plaintiff obtained legal representation and caused a demand letter to be sent to the defendants from the Law Office of Mariusz Kurzyna, requesting that she be paid the overtime wages that he was owed.

27.     The demand letter is dated April 26, 2012, and was mailed on or about April 26, 2012.

28.     Beginning on January 1, 2009, the minimum hourly wage in Connecticut was $8.00.  The Connecticut minimum hourly wage was increased to $8.25 on January 1, 2010.

29.     During the plaintiff's employment by the defendants, she did not discover the nature or extent of the defendants' violations of her right to be paid according to the law because, *inter alia*, the defendants failed to conspicuously post and provide to the plaintiff information mandated by federal and state law; the plaintiff did not speak or read English; and

the plaintiff typically worked 66 hours per week.  Upon the plaintiff learning of her legal rights, she promptly requested that the defendants make up the deficient Connecticut minimum and overtime wages, but the defendants have refused to do so.

30.    The plaintiff estimates that, over the course of her employment, she earned approximately $78,000, but was paid only approximately $50,000.

31.    The plaintiff estimates that the defendants failed to pay her approximately $28,000 in wages over the course of her employment.

## V.    COUNT ONE: FLSA AND CONNECTICUT OVERTIME VIOLATIONS

1.    Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 31, above.

32.    The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the federal minimum wage and did not do so.

33.    The defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut minimum wage and refused to do so.

## VI.    COUNT TWO: CONNECTICUT MINIMUM WAGE VIOLATIONS

1.    The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 33, above.

34.    As described above, over the course of the plaintiff's employment, the defendants regularly failed to compensate her for her work by paying her at least the applicable Connecticut minimum wage for each hour worked.

35.     The defendants' failure to pay at least the applicable minimum hourly wage as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut minimum wage and refused to do so.

**VII     COUNT THREE: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES**

1.     The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 35, above.

36.     The defendants failed to pay the plaintiff all of the wages that were owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

37.     The plaintiff brings this action pursuant to Conn.Gen.Stat. §31-72, seeking payment of the wages that she is owed.

38.     The defendants' failure to pay wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff and refused to do so.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully requests that this Court:

1.      Order the defendants to pay to the plaintiff all wages owed, consistent with the Fair Labor Standards Act and Connecticut minimum wage, overtime wage, and wage payment laws;

2.      Award the plaintiff liquidated damages for all overtime wages owed pursuant to 29 U.S.C. §216(b);

3.      Award the plaintiff double damages for all minimum wages and overtime wages owed pursuant to Conn.Gen.Stat. §31-72;

4.      Award the plaintiff her reasonable attorney's fees and costs; and

5.      Award the plaintiff such other legal and equitable relief that the Court deems appropriate.


RESPECTFULLY SUBMITTED
THE PLAINTIFF, by


_____/ s /_____
Mariusz Kurzyna ct28940
The Law Office of Mariusz Kurzyna
19 Bassett Street, P.O. Box 3104
New Britain, Connecticut 06050
Tel. 860-357-6070
Fax 860-606-9560
mariusz@kurzynalaw.com


_____/ s /_____
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com